Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501

0D916 - W40

# IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

| | |
|---|---|
| **ERNIE GEVAS** : | |
| 7825 Fenway Rd. : | Case No.: |
| New Albany, OH 43054 : | Judge: |
| : | |
| and : | |
| : | |
| **KELLI GEVAS** : | |
| 7825 Fenway Rd. : | |
| New Albany, OH 43053 : | |
| : | |
|     *Plaintiffs,* : | |
| : | |
| v. : | |
| : | **JURY DEMAND** |
| **LIBERTY MUTUAL GROUP INC.** : | **ENCLOSED HEREIN** |
| 175 Berkeley St. : | |
| Boston, MA 02116 : | |
| : | |
|     Serve at: : | |
|     Corporation Service Company : | |
|     50 W. Broad St., Ste. 1330 : | |
|     Columbus, OH 43215 : | |
| : | |
| and : | |
| : | |
| **PUBLIC MOVING SERVICES LLC** : | |
| 7706 Waterford Square Dr., Unit 1221 : | |
| Charlotte, NC 28226 : | |
| : | |
|     Serve at: : | |
|     Andrey Shuklin : | |
|     7701 Waterford Square Dr. : | |
|     Apt. 437 : | |
|     Charlotte, NC 28226 : | |
| : | |
| and : | |
| : | |
| **JOHN & OR JANE DOES** : | |
| Persons, Corporations, Partnerships, : | |
| Political Subdivisions, and/or other : | |
| entities who might claim a right, title : | |
| and/or interest in the subject property : | |
| and/or who caused the harm suffered by : | |

1

0D916 - W41

Plaintiffs                 :
                                :

    *Defendants.*         :

## COMPLAINT

Now comes Plaintiffs, Ernie and Kelli Gevas, by and through undersigned counsel, and for their Complaint against Defendants, Liberty Mutual Group Inc. (hereinafter referred to as "Assurant") and Public Moving Services, LLC, does hereby state and allege the following:

1. At all times relevant herein, Plaintiff was a resident of Franklin County, Ohio and Baltimore County, Maryland.

2. At all times relevant herein, Defendant Public Moving Service LLC duly organized pursuant to the laws of North Carolina.

3. At all times relevant herein, John & or Jane Does are persons employed by Defendant Public Moving Services, corporations, partnerships, political subdivisions, and/or other entities who might claim a right, title and/or interest in the subject property and/or who caused the harm suffered by the Plaintiffs.

4. At all times relevant herein, Defendant Liberty Mutual Group Inc. (Assurant) was a corporation and/or other business entity licensed to sell insurance policies in the state of Ohio.

5. At all times relevant herein, the averments of this Complaint occurred in Franklin County, Ohio and Baltimore County, Maryland.

## JURISDICTION AND VENUE

6. Venue is properly laid in Franklin County, Ohio per Civ. R. 3(B)(6).

7. Jurisdiction is proper in Franklin County, Ohio for Assurant per R.C. 2307.382(A)(2).

2

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501

0D916 - W42

8. Jurisdiction is proper in Franklin County, Ohio for Defendant Public Moving Services per R.C. 2307.392(A)(2) & (6).

## **FACTUAL ALLEGATIONS**

9. The facts and circumstances giving rise to this Complaint stem from the theft and/or conversion of Plaintiffs' personal property.

10. On or around April 28, 2017, Plaintiffs entered into a contract with Defendant Public Moving Services. See Exhibit A.

11. The contract specified for the Plaintiffs' personal property to be moved by Public Moving Services from Maryland to Ohio.

12. On or around May 20, 2017, all of Plaintiffs' personal property was collected by John or Jane Doe employees of Defendant Public Moving Services and came into the possession of Defendant Public Moving Services.

13. At the time, Plaintiffs were insured by Assurant under policy no. H352311906340; this policy being terminated on May 26, 2017. A copy of said policy is in the present possession of Assurant.

14. Per the contract between Plaintiffs and Defendant Public Moving Services, the property was to be delivered at Plaintiffs' home in Ohio on July 18, 2017.

15. On or around July 14, 2017, Plaintiffs moved to Ohio.

16. On or around July 14, 2017, Plaintiffs purchased policy no. H37-281-130152-75 with Assurant; this policy becoming effective on July 14, 2017. A copy of said policy is in the present possession of Assurant.

17. July 18, 2017 came and went, and Plaintiffs' property was not delivered.

18. When the property was not delivered, Plaintiffs attempted to contact Defendant Public Moving Services.

3

0D916 - W43

19. Days passed and Plaintiffs did not receive a response from Defendant Public Moving Services.

20. On or around July 25, 2017, Plaintiffs made contact with Public Moving Services and were told that there was a chemical spill that destroyed Plaintiffs' property.

21. On or around July 25, 2017, Plaintiffs contact Hazmat authorities in Maryland and were told that no chemical spills had occurred.

22. On or around July 25, 2017, Plaintiffs opened a claim, claim no. HD035913941-01, with Assurant under their current policy, policy no. H37-281-130152-75.

23. On or around July 26, 2017, Plaintiffs, in an email to Defendant Public Moving Services, demanded that the personal property be returned and that the location of said property be disclosed.

24. Defendant Public Moving Services did not return Plaintiffs' property per Plaintiffs' demand.

25. On or around July 31, 2017, Plaintiffs' counsel made contact with Defendant Public Moving Services in which it was admitted that there was in fact no chemical spill.

26. However, Defendant Public Moving Services still refused to give any information regarding the status or location of Plaintiffs' property.

27. On or around August 8, 2017 Plaintiffs' counsel attempted to contact the warehouse where their property was to be stored before being relocated to Ohio.

28. Plaintiffs' counsel spoke with the property manager who stated that Defendant Public Moving Services had been evicted several months prior.

29. The property manager stated that the warehouse appeared to have not been in use for many months.

4

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501
0D916 - W44

30. Upon information and belief, Plaintiffs' property was never actual transported to this warehouse.

31. Upon information and belief, Plaintiffs' property was taken to an unknown location and has since been converted.

32. Plaintiffs pursued a claim, claim no. HD035913941-01, with Assurant under policy no. H37-281-130152-75.

33. Initially, Assurant accepted the claim and provided to Plaintiffs a spread sheet to help track Plaintiffs losses.

34. Pursuant to the terms of policy no. H37-281-130152-75, Plaintiffs provided all of the requested and necessary documentation to Assurant, including but not limited to an itemized inventory list of items converted.

35. Assurant advised Plaintiffs that an initial check would be issued to compensate Plaintiffs for the adjusted value of the property, but that the claim would remain open and Plaintiffs could submit receipts for property that they purchased to replace the converted property and that these receipts would be reimbursed.

36. On or around September 13, 2017, Assurant notified Plaintiffs that they would receive an initial check of $25,000, with another check of roughly $500,000 to follow several weeks later.

37. On or around September 14, 2017, Plaintiffs received an initial check of $25,000 from Assurant in order to allow Plaintiffs to replace some property before Plaintiffs submitted the itemized inventory list.

38. On or around September 20, 2017, Plaintiffs contacted Assurant for a status update on the roughly $500,000 check.

5

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501
0D916 - W45

39. Assurant's representative indicated to Plaintiffs that he would check on the status of the claim.

40. On or around September 25, 2017, Assurant ensured Plaintiff that the additional check to compensate Plaintiffs would be issued by September 28, 2017.

41. On or around September 28, 2017, Plaintiffs did not receive the check.

42. On or around October 3, 2017, Plaintiffs spoke with Assurant who said that Assurant was working through the claims process and that the check would be issued by October 6, 2017.

43. On or around October 5, 2017, Assurant inexplicably changed course and notified Plaintiffs that no check would be issued unless Plaintiffs could prove that the loss occurred after the effective date of policy no. H37-281-130152-75.

44. On or around November 6, 2017, Plaintiffs, through counsel, sent correspondence to Assurant providing information and legal authority that proved the loss occurred while Plaintiffs were insured by Assurant. See Exhibit B.

45. Plaintiffs, through counsel, sent a follow-up email on or around November 14, 2017. See Exhibit C.

46. To date, Assurant has not responded to any of Plaintiffs emails, letters, or phone calls regarding the status of Plaintiffs' claim.

### COUNT ONE: CONVERSION

47. Plaintiffs restate each of the above paragraphs as if fully rewritten herein.

48. Plaintiffs have a right to ownership and possession of their personal property.

49. Plaintiffs are the rightful owners of their personal property.

50. On or around May 20, 2017, Plaintiffs' property legally came into possession of Defendant Public Moving Services.

6

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501
0D916 - W46

51. Defendants John or Jane Does, employees of Defendant Public Moving Services collected Plaintiffs' property on or around May 20, 2017.

52. Defendant Public Moving Services was to return the property to Plaintiffs on July 18, 2017.

53. In Ohio, if a defendant comes into possession of property lawfully, a plaintiff must be able to prove two additional elements in order to establish a claim for conversion: 1) that it demanded the return of the property after the defendant exercised dominion or control over the property; and 2) that the defendant refused to deliver the property to the plaintiff. To/son v. Triangle Real Estate, 10th Dist. No 03AP-715, 2004-Ohio-2640 at P17.

54. On or around July 26, 2017, Plaintiffs made a demand for their property to be returned by Defendant Public Moving Services.

55. Defendant Public Moving Services did not, and to date has not, returned Plaintiffs property.

56. Defendant Public Moving Services has wrongfully deprived Plaintiffs of their property rights by not returning Plaintiffs' personal property.

57. Plaintiffs have been damaged by Defendant Public Moving Service not returning the personal property.

58. As a result of the conversion of the Defendant Public Moving Service, Plaintiffs have suffered, and will continue to suffer harm, and are entitled to damages in an amount to be determined at trial but greater than $25,000.

## COUNT TWO: THEFT

59. Plaintiffs restate each of the preceding paragraphs as if fully rewritten herein.

60. R.C. §2307.60 creates a civil cause of action for damages resulting from any criminal act unless otherwise prohibited.

0D916 - W47

61. R.C. §2307.61 outlines the available damages a property owner may recover in a civil action pursuant to R.C. §2307.60 from any person who willfully damages the owner's property or who commits a theft offense as defined in R.C. §2913.01.

62. R.C. §2913.02(A) states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services *** beyond the scope of the express or implied consent of the owner or person authorized to give consent; by deception; by threat; or by intimidation."

63. Defendant Public Moving Services entered into a contract on or around April 28, 2017 with Plaintiffs with the intent to deceive Plaintiffs into giving it their property.

64. Defendant Public Moving Services took possession of Plaintiffs' property, with the intent to deprive, on or around May 20, 2017.

65. Plaintiffs' personal property was collected by John or Jane Does, employees for Public Moving Services.

66. To date, Defendant Public Moving Services still has Plaintiffs' property despite the demands of Plaintiffs to return the property.

67. Defendant Public Moving Services was aware of Plaintiffs' intent to move to Franklin County, Ohio and subsequently knew that it's nefarious conduct would cause Plaintiffs harm in Franklin County, Ohio.

68. Defendant Public Moving Service committed theft by deception by falsely representing that they would transport Plaintiffs' personal property to Ohio in violation of R.C. §2913.02(A)(3).

69. Defendants committed theft by obtaining, exerting, and utilizing Plaintiffs' personal property for items or matters beyond the scope of Plaintiffs' express and implied consent in violation of R.C. §2913.02(A)(2).

8

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501
0D916 - W48

70. To date, Defendant Public Moving Service has not responded to any correspondence and has not otherwise returned Plaintiffs' personal property.

71. As a direct and proximate result of Defendant Public Moving Service's theft, Plaintiffs have suffered, and will continue to suffer harm, and are entitled to damages in an amount to be determined at trial but greater than $25,000.

### COUNT THREE: DECLARATORY JUDGMENT

72. Plaintiffs restate and incorporate by reference the preceding paragraphs as though fully restated herein.

73. The averments of this Count constitute a claim for declaratory judgment pursuant to Ohio Revised Code § 2721.01, et seq. and Rule 57 of the Ohio Rules of Civil Procedure.

74. There is a dispute and actual controversy between Plaintiffs and Assurant as to Assurant's obligations in providing the necessary insurance proceeds in order to allow Plaintiffs to replace all of Plaintiffs' personal property.

75. The right of Plaintiffs in receiving sufficient insurance proceeds to compensate for Plaintiffs' loss is based upon the legal rights and obligations arising under the insurance policy with Assurant.

76. Plaintiffs will be injured if Assurant does not honor Assurant's contractual obligation to compensate Plaintiffs.

77. Plaintiffs pray for a declaratory judgment under Count One from this Honorable Court determining and declaring, the following:

    a. The rights, status and legal obligations of Assurant and Plaintiff arising under insurance policy no. H352311906340;

    b. The policy was in effect on May 20, 2017;

    c. The loss occurred on May 20, 2017;

9

d. That Plaintiff is entitled to receive insurance proceeds under the insurance estimate in the amount of $210,600.00 in order to compensate and replace Plaintiffs' personal property; and

e. That Assurant must act in good faith in paying to Plaintiffs what is properly owed under the insurance policy.

## COUNT FOUR: DECLARATORY JUDGMENT

78. Plaintiffs restate and incorporate by reference the preceding paragraphs as though fully restated herein.

79. The averments of this Count constitute a claim for declaratory judgment pursuant to Ohio Revised Code § 2721.01, et seq. and Rule 57 of the Ohio Rules of Civil Procedure.

80. There is a dispute and actual controversy between Plaintiffs and Assurant as to Assurant's obligations in providing the necessary insurance proceeds in order to allow Plaintiffs to replace all of Plaintiffs' personal property.

81. The right of Plaintiffs in receiving sufficient insurance proceeds to compensate for Plaintiffs' loss is based upon the legal rights and obligations arising under the insurance policy with Assurant.

82. Plaintiffs will be injured if Assurant does not honor Assurant's contractual obligation to compensate Plaintiffs.

83. Plaintiffs pray for a declaratory judgment under Count One from this Honorable Court determining and declaring, the following:

a. The rights, status and legal obligations of Assurant and Plaintiff arising under insurance policy no. H37-281-130152-75;

b. The policy was in effect on July 26, 2017;

10

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501
0D916 - W50

    c.  The loss occurred on July 26, 2017;

    d.  That Plaintiff is entitled to receive insurance proceeds under the insurance estimate in the amount of $637,840.00 in order to compensate and replace Plaintiffs' personal property; and

    e.  That Assurant must act in good faith in paying to Plaintiffs what is properly owed under the insurance policy.

## COUNT FIVE: BREACH OF CONTRACT

84. Plaintiffs restate and incorporate by reference the preceding paragraphs as though fully restated herein.

85. Plaintiffs insured their residence against loss with Assurant by policy number H352311906340, active from August 26, 2016 to May 26, 2017.

86. On or around May 20, 2017, while said insurance policy was in full force and effect, all of Plaintiffs' personal property was stolen by Defendant Public Moving Services, causing damage thereto to the extent of $210,600.00, the full availability of Plaintiffs' policy.

87. Assurant has refused or imposed unreasonable conditions before it will issue a check to Plaintiffs, thereby preventing Plaintiffs the ability to purchase new personal property.

88. Plaintiffs have performed all conditions precedent to receive the full amount of insurance proceeds necessary to replace all of their personal belongings.

89. The damage Plaintiffs incurred is covered under their insurance policy with Assurant.

90. Assurant has a duty to exercise good faith in settling claims.

0D916 - W51

91. Assurant has a duty to act in good faith in processing and payment of the claims of Plaintiffs under the insurance policy.

92. Assurant has breached its contractual duties owed to Plaintiffs by:

    a. Refusing coverage for theft, which is covered under the insurance policy.

    b. Imposing unreasonable conditions upon Plaintiffs prior to any possible revision of its insurance estimate.

    c. Failing to exercise good faith in settling the claim with Plaintiffs for the damage his residence sustained.

    d. Failing to process and pay the claims of Plaintiffs under the insurance policy.

93. As a direct and proximate result of Assurant's breach of contract, Plaintiffs have sustained substantial damage to be proven at trial in excess of $25,000.00. Absent payment and receipt of prejudgment interest on the amount of these damages, Plaintiffs will not be fully compensated.

## COUNT SIX: BREACH OF CONTRACT

94. Plaintiffs restate and incorporate by reference the preceding paragraphs as though fully restated herein.

95. Plaintiffs insured their residence against loss with Assurant by policy number H37-281-130152-75 effective July 14, 2017.

96. On or around July 26, 2017, while said insurance policy was in full force and effect, all of Plaintiffs' personal property was converted by Defendant Public Moving Services, causing damage thereto to the extent of $637,840.00, the full availability of Plaintiffs' policy.

12

97. Assurant has refused or imposed unreasonable conditions before it will issue a check to Plaintiffs, thereby preventing Plaintiffs the ability to purchase new personal property.

98. Plaintiffs have performed all conditions precedent to receive the full amount of insurance proceeds necessary to replace all of their personal belongings.

99. The damage Plaintiffs incurred is covered under their insurance policy with Assurant.

100. Assurant has a duty to exercise good faith in settling claims.

101. Assurant has a duty to act in good faith in processing and payment of the claims of Plaintiffs under the insurance policy.

102. Assurant has breached its contractual duties owed to Plaintiffs by:

   a. Refusing coverage for conversion, which is covered under the insurance policy.

   b. Imposing unreasonable conditions upon Plaintiffs prior to any possible revision of its insurance estimate.

   c. Failing to exercise good faith in settling the claim with Plaintiffs for the damage his residence sustained.

   d. Failing to process and pay the claims of Plaintiffs under the insurance policy.

103. As a direct and proximate result of Assurant's breach of contract, Plaintiffs have sustained substantial damage to be proven at trial in excess of $25,000.00. Absent payment and receipt of prejudgment interest on the amount of these damages, Plaintiffs will not be fully compensated.

13

## COUNT SEVEN: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

104.  Plaintiffs restate and incorporate by reference the preceding paragraphs as though fully restated herein.

105.  Assurant has a duty under Ohio law to negotiate, evaluate, settle, and pay Plaintiffs' insurance claim for the damage sustained.

106.  Assurant has refused to negotiate in good faith the value of the personal property covered under Plaintiffs' insurance policy by imposing unreasonable conditions before it will consider compensating Plaintiffs thereby preventing Plaintiffs the ability to purchase new personal property.

107.  Assurant has refused to evaluate the damage to Plaintiffs in good faith thereby preventing their ability to obtain the requisite amount of insurance proceeds to purchase property and be compensated for their loss.

108.  Assurant has refused to settle the insurance claim in good faith with Plaintiffs by imposing unreasonable conditions before it will consider any compensation to Plaintiffs thereby preventing Plaintiffs to be compensated for their loss.

109.  Assurant has refused to exercise good faith in issuing payment to Plaintiff for the damages sustained thereby preventing Plaintiffs to be compensated for their loss.

110.  As a direct and proximate result of Assurant's bad faith in resolving the insurance issues Plaintiffs have sustained substantial damage to be proven at trial in excess of $25,000.00.  Absent payment and receipt of prejudgment interest on the amount of these damages, Plaintiffs will not be fully compensated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

0D916 - W54 Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501

a) As to Count One, monetary judgment against Defendant Public Moving Services and John and Jane Does in the amount of more than $25,000.00 for Conversion and the resulting harm and injuries Plaintiff suffered;

b) As to Count Two, judgment against Defendant Public Moving Service and John and Jane Does in the amount of three times the value of Plaintiffs' property that Defendant Public Moving Services has obtained and exerted control over by deception and beyond the scope of the express consent of Plaintiffs pursuant to R.C. §2307.61(b)(ii).

c) As to Counts Three and Four, the rights, status and legal obligations of Assurant and Plaintiff arising under the respective insurance policies;

d) As to Counts Three and Four, that Plaintiffs are entitled to receive insurance proceeds to the full available respective policy limits in order to be compensated for the loss;

e) As to Counts Five, Six, and Seven, monetary judgment against Assurant in the form of compensatory damages in excess of $25,000.00 to be proven at trial;

f) As to Counts Five, Six, and Seven, Punitive damages against Assurant in excess of $25,000.00 to be proven at trial;

g) An award of all court costs and litigation expenses, including attorney fees, and all interest thereon at the maximum rate allowable by law from the earliest possible date; and

h) For such and further relief that this Honorable Court and/or jury deems just and equitable.

0D916 - W55 Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Nov 28 1:29 PM-17CV010501

Respectfully submitted,

**Donnell Law Group, LLC**


_____*/s/ Titus G. Donnell*_____
Titus G. Donnell (0085266)
tdonnell@lawdonnell.com
503 South Front Street, Suite 250
Columbus, Ohio 43215
Telephone: 614-586-1818
Facsimile: 614-222-0792
*Attorney for Plaintiffs*




## JURY DEMAND

Plaintiff hereby demands a Trial by Jury for the above-stated causes of action.

_____**/s/ Titus G. Donnell**_____
Titus G. Donnell (0085266)
*Attorney for Plaintiffs*

16